

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00010-CR

KEITH ROYCE IVERY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29228

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Keith Royce Ivery pled guilty to driving while intoxicated, third or more,[1] as a repeat offender.[2] Pursuant to a plea agreement with the State, Ivery was sentenced to twenty years' imprisonment. In addition, Ivery waived his right of appeal when he signed the following waiver of his rights: "I freely, voluntarily and knowingly waive and give up any and all rights to appeal, file a motion for new trial or motion in arrest of judgment and/or my right to seek an application for writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure." The trial court certified that this was a plea-agreement case and that Ivery, therefore, had no right of appeal.

Even though Ivery entered into a plea agreement with the State and otherwise waived his right of appeal, he nevertheless, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Ivery's plea agreement with the State and his waiver of the right of appeal, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)  . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

---

[1]TEX. PENAL CODE ANN. § 49.09(b) (Supp.).

[2]TEX. PENAL CODE ANN. § 12.42.

2

> (A) those matters that were raised by written motion filed and ruled on before trial, [or]
>
> (B) after getting the trial court's permission to appeal . . . .

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Ivery either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Ivery's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On February 17, 2022, we informed Ivery of the apparent defect in our jurisdiction over this appeal and afforded him an opportunity to respond and, if possible, cure such defect. Ivery's response to our letter did not cure the defect in our jurisdiction over this appeal.

Because Ivery has no right of appeal as a result of his plea agreement with the State and as a further result of his explicit, written waiver of that right, and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     March 9, 2022
Date Decided:       March 10, 2022

Do Not Publish

3